# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER RINYU<br>369 Lakewood Road<br>New Egypt, NJ 08533<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION<br>60 Massachusetts Avenue, NE<br>Washington DC 20002 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:   JURY TRIAL DEMANDED<br>:<br>: |

## COMPLAINT

1.    The Plaintiff herein, Christopher Rinyu, is a citizen of the State of New Jersey residing at 369 Lakewood Road, New Egypt NJ 08533.

2.    Defendant, National Railroad Passenger Corporation. (hereinafter referred to as "Amtrak"), is a corporation duly organized and doing business in the State of New Jersey with its principle place of business at the above address.

3.    The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

4.    All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5.    At all time material hereto, Plaintiff was employed by Defendant.

6.      All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

7.      On or about November 20, 2015, and for some time prior thereto, Plaintiff was employed by Defendant, NJT as a substation trainee and on that date in the performance of his duties he sustained the serious, permanent and painful personal injuries, more particularly hereinafter described when, working in the vicinity of the Princeton Junction, Plaintiff was climbing a structure on substation 37 over 70 feet above ground.  The ladder on the structure is an older model that lacks rest points and was covered in bird feces, rust, and oil and not well maintained.  Plaintiff was required to climb the ladder in an awkward manner causing him to have slips and sudden re-grips which lead him to sustain injury due to the negligence and carelessness of the Defendant.  As a result, Plaintiff sustained severe personal injuries hereinafter described.

8.      The negligence and carelessness of the Defendant consisted of the following, inter alia:

    a)    Failing to provide Plaintiff with a safe place to work;
    b)    Failing to provide adequate training;
    c)    Failing to warn Plaintiff of the existence of said dangerous conditions;
    d)    Failing to provide equipment reasonably safe for working conditions;
    e)    Failing to maintain said property in a condition which would protect and safeguard the Plaintiff;
    f)    Failing to correct the dangerous conditions existing thereon;
    g)    Failing to use due care under the circumstances;
    h)    Failing to maintain ladder structure;
    i)    Failing to have rest points on ladder structure;
    j)    Failing to identify fatigue hazards.

9. As a result of the aforesaid, Plaintiff suffered injuries to his left arm, particularly a torn bicep tendon, requiring surgery. Plaintiff has been advised that some or all of the above may be permanent in nature.

10. As a result of the aforesaid, Plaintiff has and may hereafter incur a medically determinable physical or mental impairment which prevents Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities.

11. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupations, all of which caused substantial financial loss and all of which may and probably will continue in the future.

12. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has been and may continue to be required to receive and undergo medical treatment and medical care, including surgery, and has incurred reasonable and necessary medical expenses, all of which may and probably will continue in the future.

13. As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience, stress and a loss of enjoyment of life and may continue to suffer same for an indefinite period of time in the future.

**WHEREFORE**, the plaintiff, Christopher Rinyu, claims of the defendant, a sum in excess of

**ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00)** together with interest and costs and brings this action to recover same.

                                   **KELLER & GOGGIN, P.C.**

                              By:   /s/James M. Duckworth
                                     James M. Duckworth, Esquire
                                     Attorney I.D. No. 033861998
                                     1528 Walnut Street, Suite 900
                                     Philadelphia, PA  19102
                                     (215) 735-8780


## **VERIFICATION**

I, **Chris Rinyu**, have read the foregoing. The statements herein are correct to the best of my personal knowledge, information and/or belief. This statement and verification is made subject to the penalties or 18 Pa. C.S.A.Sec. 4904 relating to unsworn falsifications to authorities, which provide that if I knowingly make false averments, I may be subject to criminal penalties.

_____